IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**CARMON M. ELLIOTT**, )
)
       Plaintiff, )
)
  vs. ) 2:10cv1196
) Electronic Filing
)
**PASTOR TERRY JONES**, )
)
       Defendant. )

## MEMORANDUM AND ORDER OF COURT

Carmon M. Elliott ("plaintiff") commenced this proceeding by filing a motion to proceed in forma pauperis and attaching to it a "complaint" seeking injunctive relief against defendant Pastor Terry Jones of Gainesville, Florida, in the form of a "cease and desist" order. See generally Complaint (Doc. No. 1-2) and Motion for Relief (Doc. No. 1-4). Plaintiff requested "an injunction refraining defendant Jones" from publicly burning a copy of the Koran on September 11, 2010, as well as a blanket injunction refraining all others "from desecrating the Koran, not only on 9/11, but at any time." Motion for Relief at ¶¶ 3-4. The relief assertedly was needed to maintain National security, protect United States troops and avoid "all the consequential outrage and dangers to [United States] personnel and citizens" that would follow from the incendiary acts publicly announced by Pastor Jones. Complaint at ¶¶ 1, 9.

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis to determine whether to direct service of a complaint where the plaintiff seeks to proceed in forma pauperis. First, the court must determine whether the litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Second, the court must determine

whether the complaint is frivolous or malicious under 28 U.S.C. § 1915(d).[2]  Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990).  The court finds plaintiff to be without sufficient funds to pay the required filing fee.  Thus, he will be granted leave to proceed in forma pauperis.

In Neitzke v. Williams, 490 U.S. 319 (1989), the Supreme Court identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless.  Id. at 327.  An example of the first is where a defendant enjoys immunity from suit, and an example of the second is a claim describing a factual scenario which is fanciful or delusional.  Id.  In addition, Congress has expanded the scope of § 1915 to require that the court be satisfied that the complaint states a claim upon which relief can be granted before it directs service; if it does not, the action shall be dismissed.  28 U.S.C. § 1915(e)(2)(B)(ii).

A review of plaintiff's "complaint" reveals that it fails to state a claim upon which relief can be granted.  It is well settled that before a court can enjoin an individual it must have personal jurisdiction over that individual.  See Carlough v. Amchem Products, Inc., 10 F.3d 189, 199 (3d Cir. 1993) ("it remains beyond cavil, as a general principle of jurisdictional authority, that 'in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'") (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  This court has at all times lacked personal jurisdiction over defendant Pastor Terry Jones.

Moreover, the complaint is grounded in indisputably meritless legal theory.  What plaintiff essentially seeks is an order that would constitute a prior restraint.  See Alexander v.

---

[2]This provision is now codified at §1915(e)(2)(B)(i).

United States, 509 U.S. 544, 550 (1993) ("The term prior restraint is used 'to describe administrative and judicial orders forbidding certain communications when issued in advance of the time that such communications are to occur.'"). Such orders presumptively are viewed to be in contravention of the First Amendment. Vance v. Universal Amusement Co., Inc., 445 U.S. 308, 316 (1980) (Any form of prior restraint on expression carries with it a heavy burden against its constitutional validity). As such, the relief requested by plaintiff could not have been issued even if the lack of personal jurisdiction could have been somehow cured.

In light of the above, the following order is appropriate.

## **ORDER**

AND NOW, this 30th day of September, 2013, for the reasons set forth in the memorandum above, IT IS ORDERED that plaintiff's motion to proceed in forma pauperis be, and the same hereby is, **GRANTED.** The Clerk of Court shall file plaintiff's complaint; and,

IT IS FURTHER ORDERED that plaintiff's "complaint" be, and the same hereby is, **DISMISSED** for failure to state a claim. The clerk of court shall mark the case closed.

       s/ David Stewart Cercone
       David Stewart Cercone
       United States District Judge

cc: Carmon M. Elliott
    31 Mainsgate Street
    Pittsburgh, PA 15205